1          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF TEXAS
2            MIDLAND-ODESSA DIVISION

3  UNITED STATES OF AMERICA ) Docket No. MO 19-CR-251(1) DC
                            )
4  vs.                      ) Midland, Texas
                            )
5  PEDRO CONTRERAS          ) January 21, 2020

6

7          TRANSCRIPT OF REARRAIGNMENT/PLEA
        BEFORE THE HONORABLE RONALD C. GRIFFIN

8

9  APPEARANCES:

10 For the United States:    Ms. Monica L. Daniels
                            Assistant U.S. Attorney
11                          400 West Illinois Avenue,
                            Suite 1200
12                          Midland, Texas 79701

13

14 For the Defendant:        Mr. Fred C. Brigman, III
                            Gray & Brigman, PLLC
15                          206 West College Avenue
                            San Angelo, Texas 76903

16

17

18 Transcriber:              Ms. Lily Iva Reznik, CRR, RMR
                            501 West 5th Street, Suite 4153
19                          Austin, Texas 78701
                            (512)391-8792

20

21

22

23

24

25 Proceedings reported by digital sound recording,
   transcript produced by computer aided-transcription.

1          (Proceedings commence at 3:07 p.m.)

2          THE CLERK:  The Court calls:  MO-19-CR-251,

3  United States of America vs. Pedro Contreras.

4          MS. DANIELS:  Monica Daniels for the government.

5          MR. BRIGMAN:  Fred Brigman for Pedro Contreras.

6  We're present and ready, your Honor.

7          THE COURT:  Okay.  Good afternoon, counsel.

8          Good afternoon, Mr. Contreras.

9          THE DEFENDANT:  Good afternoon.

10         THE COURT:  All right.  So, Mr. Contreras, let me

11  -- we're here on a plea agreement in your case.  If you'll

12  raise your right hand, I'll get you under oath, and then,

13  we'll get started on the plea agreement.

14         THE CLERK:  Do you solemnly swear the statements

15  which you may give in this case now before the Court shall

16  be the truth, the whole truth, and nothing but the truth,

17  so help you God?

18         THE DEFENDANT:  Yes.

19         THE COURT:  You can put your hand down.

20         Mr. Contreras, let me put something here on the

21  record before I get started on your guilty plea.

22         We have a plea agreement in your case and I'm

23  going to talk to you about here in just one moment.  And

24  I'm also going to talk to you about another document.  The

25  lawyers and I were talking, before we went on the record,

1    about a new standing order that the district judge has

2    entered here in the Midland-Odessa and Pecos Divisions

3    about the way that the paperwork's supposed to be filed if

4    there's a plea agreement, and then, there's another

5    document, a sealed addendum.  And in this case, there's

6    not a sealed addendum.  But I've talked to the prosecutor

7    and the defense lawyer and I understand why there is no

8    sealed addendum; and that's because the parties have not

9    entered into any cooperation agreement that would be

10   subject to that standing order.

11          So Ms. Daniels for the government is going to

12   file, after we get through with the proceeding today, a

13   document simply stating that so that everybody's in

14   conformity with the standing order.

15          Correct, Ms. Daniels?

16          MS. DANIELS:  That's correct, your Honor.

17          THE COURT:  Okay.  Very good.

18          So, Mr. Contreras, did I ask you already?  Is

19   your true and correct name Pedro Contreras?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Is that your true and correct name?

22          MR. BRIGMAN:  His middle name's Abraham.

23          THE COURT:  Abraham?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  So Pedro Abraham Contreras.  That's

1  your true and correct?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  All right.  Mr. Brigman, do you have

4  any doubts as to Mr. Contreras' competency to enter a

5  guilty plea this afternoon?

6          MR. BRIGMAN:  No, your Honor.

7          THE COURT:  Ms. Daniels, the government have any

8  information regarding this defendant's competency to enter

9  a guilty plea?

10          MS. DANIELS:  We do not, your Honor.

11          THE COURT:  All right.  Mr. Contreras, do you

12  suffer from any mental condition or take any medication

13  that would affect your ability to understand what we're

14  going to do this afternoon?

15          THE DEFENDANT:  No, your Honor.

16          THE COURT:  Mr. Contreras, I'm going to be asking

17  you a number of questions today.  We're going to go over

18  -- I'm going to look through this plea agreement.  So

19  there's a typo on page 1 of the agreement.  It says that

20  the defendant's agreement to plead guilty -- in paragraph

21  2, the defendant agrees to plead guilty to Count 1 and

22  Count 6 of the indictment in this cause, which charges the

23  defendant with Count 1 is production of child porn --

24  pornography and it's got the violation of the statutor --

25  statutory violations.  Then it says, in Count 2 --

1       MR. BRIGMAN:  That should be --

2       THE COURT:  -- should be Count 6, right?

3       MS. DANIELS:  Yes, your Honor.

4       THE COURT:  I'm going to mark this and put Count

5  6 on here.  I'll write in 6.  And then, that's the

6  attempted enticement of a minor.  So it's Count 1 and

7  Count 6.

8       And then, so what we're going to be doing, Mr.

9  Contreras, is I'm going to be going through a number of

10 things with you, and if there's anything that I am -- I'm

11 trying to tell you or trying to ask you that you're not

12 following, or I'm not making sense, will you please let me

13 know that so that I can reword or rephrase whatever it is?

14      THE DEFENDANT:  Yes, your Honor.

15      THE COURT:  Okay.  And then, Mr. Contreras, you

16 have a lawyer there with you, Mr. Brigman, and he's a good

17 lawyer, and he's kind of walked you through this to where

18 you're at now.  If you need to talk to him during this

19 proceeding, let me know, and I'll stop the proceeding and

20 let you talk to Mr. Brigman as many times as you need to.

21      Okay, sir?

22      THE DEFENDANT:  Yes, your Honor.

23      THE COURT:  You're under oath, so I need you to

24 be truthful with me, Mr. Contreras.  If you tell me

25 anything that's not true or that's false, please

1 understand that you could be prosecuted for the crime of

2 perjury.

3       Do you understand?

4       THE DEFENDANT: Yes, your Honor.

5       THE COURT: Now, you're pleading guilty to Count

6 1 and Count 6 of that indictment. Those are felony

7 offenses. As a result of that, you have a right to have a

8 United States District Judge take your guilty plea. I'm a

9 United States Magistrate Judge. I can take your guilty

10 plea this afternoon, but I have to have your consent to do

11 so.

12       Do you understand that distinction?

13       THE DEFENDANT: Yes, your Honor.

14       THE COURT: All right. One of the documents I

15 have here, in addition to the plea agreement, is a -- it's

16 a document entitled, Written Consent to the Administration

17 of a Guilty Plea Before a Magistrate Judge. The lawyers

18 have signed the document, and, Mr. Contreras, it looks

19 like you signed it, as well.

20       Did you sign this document?

21       THE DEFENDANT: Yes, your Honor.

22       THE COURT: Do you want me to take your guilty

23 plea this afternoon, Mr. Contreras?

24       THE DEFENDANT: Yes, your Honor.

25       THE COURT: Okay. The Court will accept that

written Consent to the Administration of a Guilty Plea By

a Magistrate Judge, and I'll take your plea this

afternoon, Mr. Contreras.

        Mr. Contreras, do you believe you've had

sufficient time -- have you had sufficient time to talk to

your lawyer, to talk to Mr. Brigman about your case, to go

over these charges you're facing, and any defenses you

might have?  Have you had enough time to do that?

Sufficient time to do that?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Mr. Brigman, do you also believe that

you and Mr. Contreras have had sufficient time to go over

his case, including defenses?

        MR. BRIGMAN:  Yes, your Honor.

        THE COURT:  Have you had any trouble

communicating with Mr. Contreras?

        MR. BRIGMAN:  None whatsoever.

        THE COURT:  Do you believe that Mr. Contreras

possesses a factual as well as a rational understanding of

the proceedings against him?

        MR. BRIGMAN:  Yes, your Honor.

        THE COURT:  Okay.  And we have this plea

agreement, so all formal plea offers have been conveyed to

your client?

        MR. BRIGMAN:  That's correct.

1    THE COURT:  All right.  Mr. Contreras, are you

2  satisfied with your lawyer's representation of you?

3    THE DEFENDANT:  Yes, your Honor.

4    THE COURT:  Mr. Contreras, there's a plea

5  agreement in your case.  I've made one correction here on

6  a count number, change it from Count 2 to Count 6.

7    Did you go through and read this plea agreement,

8  sir?

9    THE DEFENDANT:  Yes, your Honor.

10    THE COURT:  Did you have a chance to go through

11  this with Mr. Brigman, as well, your lawyer?

12    THE DEFENDANT:  Yes, your Honor.

13    THE COURT:  And were you able to ask Mr. Brigman

14  questions about this plea agreement?

15    THE DEFENDANT:  Yes, your Honor.

16    THE COURT:  And did Mr. Brigman answer those

17  questions to your satisfaction?

18    THE DEFENDANT:  Yes, your Honor.

19    THE COURT:  And then, did you sign this document?

20    THE DEFENDANT:  Yes, your Honor.

21    THE COURT:  Do you feel like you have a fairly

22  good understanding of what is contained in the document?

23    THE DEFENDANT:  Yes, your Honor.

24    THE COURT:  And do you agree with these terms?

25    THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Okay.  Mr. Moses, will you kill that

2     flashlight?  It's shining right straight in my eye.

3          MR. MOSES:  I'm sorry.  I didn't know.

4          Mr. Contreras, have you gone over the indictment

5     in your case with Mr. Brigman?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Okay.  I'm going to go over portions

8     of it with you now so that we know we're talking about the

9     same charges that you're pleading guilty to.  I'm not

10    going to go through all of the charges because you're

11    pleading guilty to Count 1 and Count 6, and the remaining

12    counts will be dismissed at the time of sentencing.

13         Correct, Mr. Brigman?

14         MR. BRIGMAN:  That's correct, your Honor.

15         THE COURT:  Is that correct, Ms. Daniels?

16         MS. DANIELS:  Yes, your Honor.

17         THE COURT:  Okay.  Mr. Contreras, a federal grand

18    jury, sitting here in the Midland-Odessa Division,

19    returned the indictment, this indictment I'm talking

20    about, against you on November 20th, 2019.  In Count 1 of

21    the indictment, the grand jury charges:

22         That on or about October 20th, 2018, in the

23    Western District of Texas, the defendant, Pedro Contreras,

24    did employ, use, persuade, induce, entice, and coerce a

25    minor to engage in sexually explicit conduct for the

1  purpose of producing a visual depiction of such conduct

2  IMG_0905, using materials that have been mailed, shipped,

3  and transported in and affecting interstate and foreign

4  commerce by any means, including by computer, in violation

5  of Title 18, United States Code, Section 2251(a).

6          Mr. Contreras, do you understand the charge in

7  Count 1 of the indictment?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  In Count 6 -- again, I'm not going to

10  go through Counts 2, 3, 4 and 5, but I will go through

11  Count 6.

12          The grand jury charges in Count 6:

13          That on or about March 2nd, 2018 till on or about

14  November 30th, 2018, in the Western District of Texas, the

15  defendant, Pedro Contreras, using a facility and means of

16  interstate and foreign commerce did knowingly attempt to

17  persuade, induce, entice, and coerce an individual who had

18  not attained the age of 18 years to engage in sexual

19  activity for which any person can be charged with a

20  criminal offense, in violation of Title 18, United States

21  Code, Section 2422(b).

22          Mr. Contreras, do you understand the charge

23  against you in Count 6 of that indictment?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Mr. Contreras, now I didn't go

1 through the other counts, but I want you to understand

2 that for every count that's in that indictment that you

3 have a right to plead not guilty and demand a trial.

4          Do you understand you have that right?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Knowing you have that right, is it

7 still your desire to plead guilty to the charges that are

8 outlined in the plea agreement that we have discussed this

9 afternoon?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Mr. Contreras, are you a United

12 States citizen?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Sir, under the Constitution and laws

15 of the United States, you have a right to a trial by jury

16 and the assistance of an attorney at that trial and every

17 other stage of the proceeding against you.  You would --

18 you would have the right to confront and cross-examine the

19 government's witnesses at that trial.  You would have the

20 right to compel the attendance of your own witnesses there

21 at that trial.

22          You could put on your own evidence at that trial.

23 You're presumed to be innocent.  The government's required

24 to prove your guilt beyond a reasonable doubt before you

25 could be found guilty.

1          Now, at the trial, if you wanted to testify on

2  your own behalf, you could take -- take the stand and

3  testify.  However, no one can make you testify or compel

4  you to testify, and if you choose not to testify, that

5  fact cannot be used against you.

6          Do you understand these rights, Mr. Contreras?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Now, if you plead guilty this

9  afternoon, you're going to give up those rights that I

10  just went over with you, except for the right to counsel.

11  You'll continue to be represented by counsel, but those

12  other rights, you'll be giving up.

13          Do you understand?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Do you agree to give up those rights

16  and to plead guilty to the charges that we have discussed

17  in the plea agreement today?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Are you pleading guilty because you

20  are guilty and for no other reason, Mr. Contreras?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Let me talk to you about some

23  statutory penalties that go along with the charges that

24  you're pleading guilty to.

25          In Count 1, the statutory penalty range is a

1   mandatory minimum 15 years in prison, up to 30 years in

2   prison.  You face a mandatory minimum five years of

3   supervised release, up to life of supervised release, a

4   fine not to exceed $250,000.  You would also be subject to

5   a $5,000 special assessment -- up to a $5,000 special

6   assessment pursuant to Title 18, United States Code,

7   Section 3014, and an additional $100 mandatory special

8   assessment in this case.

9           Are there any other -- are there any other

10  special assessments, Ms. Daniels, that I need to admonish

11  Mr. Carrasco on for Count 1 other than those set out in

12  the plea agreement?

13          MS. DANIELS:  I don't believe so, your Honor.

14          THE COURT:  In other words, does it fall within

15  that Amy, Andy, Vicky Act?  Is there going to be any of

16  that?

17          MS. DANIELS:  I don't believe so, your Honor.

18          THE COURT:  Okay.  I just want you to know this.

19  That I don't want there to be any shock if there are any

20  additional special assessments that are assessed by the

21  district judge pursuant to whatever statutes might be

22  applicable on special assessments to Count 1.

23          Do you understand, Mr. Carrasco?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Okay.  Oh, did I say Contreras --

1  Carrasco?  Have I been saying Contreras or Carrasco?

2        MR. BRIGMAN:  You've said both.

3        THE COURT:  Both?

4        MR. BRIGMAN:  The last few, you said Carrasco,

5  but before that, you said Contreras.

6        THE COURT:  Contreras?  All right.  Mr.

7  Contreras.  All right, correct me if I say the wrong name.

8  It's been a long day.

9        Mr. Contreras, do you understand that?

10        THE DEFENDANT:  Yes, your Honor.

11        THE COURT:  Okay.  The other thing is -- and

12  we're going to talk this in more detail in a moment, but

13  you also have an amount of restitution as set forth in the

14  agreement to pay the restitution, which we're going to

15  talk about, and you also have forfeiture that's set out in

16  the forfeiture section of the plea agreement.

17        Do you understand that, as well, on your

18  punishment range?

19        THE DEFENDANT:  Yes, your Honor.

20        THE COURT:  All right.  In Count 2 -- Count 6.

21  Count 6, you face by statute a mandatory minimum 10 years

22  in prison, up to life in prison, a mandatory minimum five

23  years of supervised release, up to life of supervised

24  release, the same maximum fine of $250,000, and the same

25  admonishments on the special assessment, up to $5,100 on

1 the $5,000 plus the $100 mandatory. You might also be

2 subject to any other applicable assessments to that Count

3 6. I don't know what they are at the moment, and they're

4 not set out in the plea agreement. There may not be any.

5 But I don't want there to be a shock if the district judge

6 starts assessing additional special assessments.

7 Also, you will be responsible for the restitution

8 that's set out in the plea agreement as well as the

9 forfeiture, and we'll talk about that some more in a

10 moment.

11 Do you understand that statutory range of

12 punishment?

13 THE DEFENDANT: Yes, your Honor.

14 THE COURT: Mr. Contreras. Okay.

15 Mr. Contreras, the district judge will impose a

16 sentence after considering guidelines established by the

17 United States Sentencing Commission. A range of

18 punishment will be determined considering such things as

19 the nature and circumstances of the offense, your conduct

20 in this case, and then, any criminal history you might

21 have.

22 The sentencing guidelines are advisory. The

23 district judge is not required to sentence you within the

24 applicable guideline range, Mr. Contreras. He can

25 sentence you -- the district judge can sentence you to any

1    reasonable term for each count as long as it falls within

2    -- as long as it falls within the statutory range I just

3    went over with you.

4            Do you understand?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  The other thing I failed to mention

7    to you, and I'm going to me mention now, is on those two

8    counts, it's going to be up to the district judge whether

9    he stacks those sentences when you do one, then you do the

10   other one, or whether he returns them concurrently,

11   meaning you do them at the same time.

12           Do you understand?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  That's totally within the discretion

15   of the district judge.

16           Do you understand?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  Okay.  Mr. Brigman and others may

19   have talked to you about where he thinks you'll fall in

20   the guideline range -- and that's his job to do that --

21   considering things like the nature and circumstances of

22   the offense, your conduct, and criminal history.

23           But what I need you to understand is that that's

24   not binding.  You know, his estimate, his prediction to

25   you is not binding on the district judge.  The district

1  judge will assess your sentence himself and he, and only

2  he, knows that, okay?  Do you understand?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  So if anybody else is talking about

5  to you about sentences or guidelines, they're giving you

6  guesses, or estimates, or predictions, probably very

7  accurate ones but those, nonetheless.

8          Do you understand?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Okay.  Now, as part of your plea

11  agreement, you're giving up the right to appeal your

12  sentence and conviction as well as the right to contest

13  your sentence in any other type of postconviction

14  proceeding, except in some limited circumstances.

15          Do you understand?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Do you agree to give up the right to

18  appeal and the right to contest your conviction and

19  sentence as it's set out in the plea agreement?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  There's no parole in federal court.

22  Any term of imprisonment that you receive will be the time

23  you will serve less any good-time credit you might receive

24  from the Bureau of Prisons.

25          Do you understand?

1       THE DEFENDANT:  Yes, your Honor.

2       THE COURT:  For this offense, these offenses that

3 you're pleading guilty to, a term of supervised release is

4 going to be assessed by Judge Counts when he sentences

5 you.  You won't serve that supervised release until after

6 you complete a term of imprisonment.

7       While you're on that supervised release, there

8 are conditions that you must follow, and if you violate

9 those conditions, or don't follow those conditions, that

10 supervised release can be revoked; if it's revoked, then

11 you're looking at going back and serving another term of

12 imprisonment or confinement.

13       Do you understand how that works?

14       THE DEFENDANT:  Yes, your Honor.

15       THE COURT:  All right.  Now, the indictment --

16 or, I'm sorry, the plea agreement includes a provision in

17 which you agree -- let me find it.

18       MR. BRIGMAN:  Talking about restitution?

19       THE COURT:  Forfeiture.  That you agree -- that

20 you agree to forfeit any property that can be forfeited,

21 any applicable property that can be forfeited to the

22 United States government as a result of the charges that

23 you're pleading guilty to, you've agreed to forfeit that,

24 and that will be part of sentence imposed in your case.

25       Do you understand that?

1    THE DEFENDANT:  Yes, your Honor.

2    THE COURT:  Also, as part of your sentence, there

3  may be imposed and you may be required to make restitution

4  for any property or any money, any money or personal

5  injury resulting from the offense, and that's for any of

6  the counts, I think, in your case, not just two counts

7  that you're pleading guilty to.

8    Do you understand that?

9    THE DEFENDANT:  Yes, your Honor.

10    THE COURT:  You also are going to be required to

11  register as a sex offender under the terms of this.

12    Do you understand?

13    THE DEFENDANT:  Yes, your Honor.

14    THE COURT:  Anything else on those provisions,

15  Ms. Daniels?

16    MS. DANIELS:  No, your Honor.

17    THE COURT:  Okay.  Mr. Contreras, are you

18  pleading guilty freely, voluntarily and with full

19  knowledge of the consequences?

20    THE DEFENDANT:  Yes, your Honor.

21    THE COURT:  Has anyone threatened you, forced

22  you, coerced you in any way to plead guilty here today?

23    THE DEFENDANT:  No, your Honor.

24    THE COURT:  Anybody made any promises to you

25  about what sentence you're going to get in this case or

1  what guideline you're going to get?

2          THE DEFENDANT:  None, your Honor.

3          THE COURT:  Other than this plea agreement, has

4  anybody made any promises to you that's causing you to

5  plead guilty?

6          THE DEFENDANT:  No, your Honor.

7          THE COURT:  Okay.  Now, as part of your plea

8  agreement, Mr. Contreras, as part of your plea agreement,

9  the government may either recommend or not oppose the

10  maximum allowable reduction under the sentencing

11  guidelines for acceptance of responsibility as well as a

12  sentence at the low end or bottom of the applicable

13  guideline range.

14          Again, sir, the district judge is not bound to

15  accept any such recommendation.  If the district judge

16  does not adopt this part of your plea agreement, or does

17  not sentence you within the applicable guideline range,

18  you will not have a right to withdraw your guilty plea.

19          Do you understand, Mr. Contreras?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  All right.  Mr. Contreras, let's talk

22  about another matter here that I need to go over with you.

23  In the plea agreement, there are these provisions, the

24  forfeiture, the restitution, the penalty ranges.  And

25  there's another provision in here that starts on page 3,

1   paragraph 8, and it's the factual basis for the plea and

2   it goes on -- it's a lengthy factual basis.  It goes on --

3   it starts on page 3, and it concludes about halfway down

4   on page 10 of the plea agreement.

5           Did you have a chance to read through that

6   factual basis when you were reviewing the plea agreement,

7   Mr. Contreras?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  Did you also review that factual

10  basis with your attorney, Mr. Brigman?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Is there anything that is set out in

13  that factual basis that you dispute or that's incorrect or

14  inaccurate?

15          THE DEFENDANT:  No, your Honor.

16          THE COURT:  So those facts set out in that

17  written factual basis within the plea agreement are

18  accurate, true and correct?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Those are the facts you're pleading

21  guilty to today?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  And those facts accurately describe

24  what you did in this case.

25          THE DEFENDANT:  Yes, your Honor.

         THE COURT:  Okay.  And, Mr. Brigman, I believe
you had indicated before on the record, you and your
client will waive the reading of the factual basis?

         MR. BRIGMAN:  Yes, your Honor, we will.

         THE COURT:  The court will waive the reading of
that factual basis.

         Mr. Contreras, is there anything you want to ask
me to clear up?  Is there anything I've said to you that's
confusing or that's not making sense that I need to reword
or rephrase so that you understand it?

         THE DEFENDANT:  No, your Honor.

         THE COURT:  Is there anything you want to talk to
Mr. Brigman about before I continue with your guilty plea?

         THE DEFENDANT:  No, your Honor.

         THE COURT:  Mr. Contreras, how do you plead to
Count 1 of the indictment against you, guilty or not
guilty?

         THE DEFENDANT:  Guilty.

         THE COURT:  How do you plead to Count 6 of the
indictment against you, guilty or not guilty?

         THE DEFENDANT:  Guilty.

         THE COURT:  Sir, the Court does find that you are
competent to stand trial.  The Court finds that you fully
understand the nature of the charge and the penalties.
The Court finds that you understand your constitutional

and statutory rights, and you desire to waive them.  The
Court does find that your plea is freely, knowingly and
voluntarily made.  And the Court does find that there's a
factual basis to support your plea.

I'll make a recommendation to the district judge
that he accept your guilty plea and accept your plea
agreement and enter a judgment of guilt against you.

Has he already signed?  So probation -- you've
already signed the paperwork with probation.  Probation's
going to prepare a report.  You're going to get a copy --
or your lawyer's going to get a copy of that report, and
he's going to go over it with you.  Depending on what's in
there, he may have some objections, some other corrections
he may request on your behalf.

Then what's going to happen, in about 75 to 90
days from now, you'll be set for a sentencing upstairs on
the third floor.  You and Mr. Brigman and a lawyer from
the government will appear at that time.  Judge Counts is
the district judge.  He's going to hear from the lawyers,
he's going to hear from you, and then, he'll pronounce
sentence in your case, Mr. Contreras.

Do you have any questions about how that works?

THE DEFENDANT:  No, your Honor.

THE COURT:  Okay.  Ms. Daniels, anything else
from the government?

1          MS. DANIELS:  No, your Honor.

2          THE COURT:  Mr. Brigman?

3          MR. BRIGMAN:  No, your Honor.

4          THE COURT:  All right.  Mr. Contreras, you're

5   remanded to the custody of the marshals, sir.  Thank you

6   very much.

7          THE DEFENDANT:  Thank you.

8          (Proceedings conclude at 3:30 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORTER'S CERTIFICATE

I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES.

*/s/Lily I. Reznik*                    August 20, 2020

LILY I. REZNIK, CRR, RMR                    DATE
Official Court Reporter
United States District Court
Austin Division
501 W. 5th Street, Suite 4153
Austin, Texas 78701
(512)391-8792
SOT Certification No. 4481
Expires: 1-31-21